HANNAH M. SOMERVILLE v. WILLIAM B. STEWART.

A special plea of part payment of the sum claimed, without any other plea, is good, in an action upon contract.

On motion to strike out plea.

Argued at November Term, 1885, before Justices Scudder and Reed.

For the plaintiff, *F. B. Colton.*

For the defendant, *E. W. Runyon.*

The opinion of the court was delivered by

Scudder, J.   In an action of *assumpsit* on a promissory note for $250, endorsed and transferred by the payee to the plaintiff, after maturity, a declaration was filed containing the common counts, with a bill of particulars of the demand and copy of the promissory note whereon the declaration was founded. In this the defendant pleaded, as to part of the sum claimed, that before the assignment he paid to the payee, on account of said note, the sum of $35, in two separate payments, for which no credit was given in the bill of particu-

lars. The motion is now made to strike out this plea as sham or frivolous, on the ground that it is no answer to any part of the declaration. It is not a frivolous or sham plea, but, if faulty, it is an irregular or defective plea, and the notice should have been directed to such pleading. The mere informality of the notice will not, however, be regarded, where both parties appear and are heard, and no surprise or prejudice is shown.

This partial plea is the only answer that is given to the plaintiff's action, and it is in effect a plea of part payment for which the plaintiff has given no credit in his declaration; it is silent as to the balance of the claim. Although payment, in whole or in part, prior to action brought, might be given in evidence under the general issue, according to our practice, yet the defendant is not bound to plead generally, but may also plead specially, and have a distinct issue made on such plea. 1 *Chitty Pl.* \*478, \*480; *McKyring* v. *Bull*, 16 *N. Y.* 297. A plea of part payment or of partial performance is a good plea, if drawn in proper form. *Gould Pl.*, §§ 102, 103, *p.* 334.

Where a payment or performance is known and admitted, it is the better practice, in declaring on contracts to pay money, deliver goods, or perform works, expressly to admit part payment or partial performance on the face of the declaration, to deprive the defendant of all pretence to plead such defence. *Chitty Pl.* \*288, \*338. But if this be not done, the defendant, if he have no other defence than a greater credit than is given him in the declaration, should not be driven to plead the general issue, denying the whole claim, under oath, but allowed his specific and true defence of part payment or performance. It is not necessary that he should answer the whole declaration in one plea, for a plea is good which answers any part of a count which is material and severable, as a basis of recovery. Care must be taken, however, in drawing such plea, that it begins properly, for if it commences as an answer to the whole, but is to part only, it will be bad on demurrer. If it begins by answering only part of the plaintiff's count, and is in truth but an answer to part, and does not, in that or

in any other plea, notice the remainder of the declaration, the plaintiff cannot demur to the plea, for it is sufficient as far as it extends, but must take judgment for the part unanswered, as by *nil dicit*. *Fleming* v. *Hoboken*, 11 *Vroom* 270; 1 *Chitty Pl.* \*523; *Grafflin* v. *Jackson*, 11 *Vroom* 440; *Com. Dig., tit.* "Pleadings," *E* 1; 1 *Saund.* 28; 5 *Rob. Pr., ch.* 19, *p.* 168.

As to the part answered by the plea of part payment, the plaintiff may enter a *nolle prosequi*, if he is satisfied that it is correct, or, if he disputes the credit claimed, he may reply and put that in issue. In this form the real controversy between the parties may be determined on its merits, or, if there be no further dispute, the plaintiff will receive the sum to which he is entitled under his judgment by *nil dicit*.

While, therefore, this plea of part payment is not an answer to the whole claim of the plaintiff, it is good as far as it goes, and it is not sham or frivolous, or irregular or defective, and will not be stricken out. Motion refused.